UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

NIGEL JENKINS                                                                                           PLAINTIFF

VERSUS                                                             CIVIL ACTION NO. 1:05cv210-RHW

SHERIFF MIKE BYRD                                                                              DEFENDANT

## MEMORANDUM OPINION

This case is before the Court following a screening hearing conducted April 20, 2006, and a subsequent motion for summary judgment [18] filed by the Defendant, Sheriff Mike Byrd on July 6, 2006. The parties have consented [16] to the exercise of jurisdiction by the United States Magistrate. 28 U.S.C. § 636(c).

### Facts and Procedural History

This is a prisoner lawsuit brought pursuant to 42 U.S.C. § 1983. Jenkins alleges that while he was a prisoner in the Jackson County Adult Detention Center (JCADC), Sheriff Mike Byrd violated his civil rights by failing to protect him from assault by another inmate. The essential facts are undisputed.

In early 2003, Nigel Jenkins was incarcerated in the Jackson County Adult Detention Center, awaiting trial on six charges of transfer of controlled substances.[1] The incident giving rise to the present lawsuit occurred in the fall of that year. Jenkins claims he was beaten and raped by fellow inmate Antonio Johnson, a convicted felon who was also housed at the JCADC. Jenkins asserts liability on the part of Sheriff Byrd for failing to protect him from the assault and for housing Johnson, a convicted felon, with pre-trial detainees.

---

[1]Jenkins subsequently pled guilty to these charges and was sentenced on February 11, 2004, to serve eight years on each charge, the sentences to run concurrently.

Although Jenkins was a pre-trial detainee at the time of the incident, he was not a newcomer to the criminal justice system.  He testified at the April 20, 2006 screening hearing, that he had been convicted on drug charges in 1988 for which he received two concurrent 10-year sentences of which he actually served some five years.  He was released in the mid-nineties.  He further testified he was convicted of receiving stolen property in the late nineties for which he served two years in Greene County, and was released in December 2000.  Jenkins admitted he knew the blue uniform Johnson wore identified him (Johnson) as a State inmate, *i.e.*, a convicted felon.  Jenkins claims Johnson was the only State inmate in B-Block.

At the time of the alleged assault, Jenkins was confined in B-Block lockdown of the JCADC, due to his violation of facility rules.  Johnson was already in B-Block when Jenkins came there.  Jenkins testified there were a total of six people in lockdown.  He was housed in a cell with another pre-trial detainee, and Johnson was locked in a separate cell by himself.  According to Jenkins, at or around shower call on the day of the incident, Johnson invited Jenkins to come to Johnson's cell to smoke crack cocaine.  When Jenkins' cell was unlocked for him to go take a shower, he admittedly voluntarily dragged his mattress over to Johnson's cell, to partake of Johnson's cocaine out of view of the video cameras which monitor the lockdown area.  Jenkins wound up locked in Johnson's cell for the night, where he alleges Johnson assaulted and raped him.  Jenkins admitted Johnson had never threatened him before this incident.

Summary Judgment Standard

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law.  "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a

party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). On a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby,* 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). Rule 56(e) provides in part:

> When a motion for summary judgment is made and supported as provided by this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. <u>If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.</u>

Fed. R. Civ. P. 56 (e) (emphasis added). Thus, when a motion for summary judgment is filed and is accompanied by competent supporting evidence, a court may grant the motion if the opposing party fails to present controverting evidence. Fed. R. Civ. P. 56 (e). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir.), *cert. denied*, 506 U.S. 973, 113 S. Ct. 462, 121 L. Ed. 2d 371 (1992).

The moving party must show the absence of a genuine issue of material fact by affidavit or other evidentiary materials. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 n.2, 91 L.Ed.2d 265 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075

(5th Cir. 1994); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).  For the Court to find there are no genuine material factual issues, the Court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict for the nonmovant.  *Anderson v. Liberty Lobby,* 477 U.S. 242, 249-50, 106 S. Ct. at 2510-11  (1986).

If the movant meets his burden by proving the absence of a genuine issue of material fact, then "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994), *citing Celotex*, 477 U. S. At 325, 106 S. Ct. At 2553-54.  The nonmovant cannot discharge this burden by referring to the mere allegations or denials of his pleadings, but must, either by submitting opposing evidentiary documents or by referring to evidentiary documents already in the record, set out specific facts showing that a genuine issue as to a material fact exists.  *See Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); FED. R.CIV. P. 56(e).  If the nonmovant fails to present evidence showing a genuine issue of material facts exists, "the summary judgment motion must be granted." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## Failure to Protect

A pretrial detainee is protected by the Due Process Clause from deliberate exposure to violence and injury at the hands of other inmates.  *Bell v. Wolfish*, 441 U.S. 520, 536 n.16, 99 S.Ct. 1861, 1872 n.16, 60 L.Ed.2d 447 (1979).  To prevail on a claim for failure to protect under 42 U.S.C. § 1983, a prisoner show he  was "incarcerated under conditions posing substantial risk

of serious harm and that prison officials were deliberately indifferent to his need for protection."
*Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998). In *Neals v. Norwood*, 59 F.3d 530 (5th Cir. 1995), the Fifth Circuit elaborated on the required showing of deliberate indifference, stating:

> In order to act with deliberate indifference, 'the official must both be aware of facts from which the inference could be drawn that substantial risk of serious harm exists, and he must also draw the inference.'

*Id.*, 59 F.3d at 533(quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994)). Mere negligent failure to protect a pretrial detainee from attack does not justify liability under section 1983. *Davidson v. Cannon*, 474 U.S. 344, 347-48, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986).

In the instant case, Jenkins has presented no proof of either of the required elements of a failure to protect claim under § 1983. He has not shown he was incarcerated under conditions posing substantial risk of serious harm from inmate Johnson,[2] nor has Jenkins presented any evidence to show that the jail officers knew of and deliberately disregarded a threat to his safety. Indeed, Jenkins himself felt no threat to his safety, as evidenced by his testimony at the screening hearing that he voluntarily went to Johnson's cell, taking his mattress with him, and that Johnson had never threatened him. Although Jenkins claims that housing convicted offenders and pre-trial detainees together violated some order, he has produced nothing to substantiate that claim. Furthermore, Jenkins admitted Johnson was locked in a cell by himself; the pre-trial detainees in lockdown were locked in separate cells. Jenkins admitted that when his cell was unlocked for him to take a shower, he instead took the opportunity to drag his mattress into Johnson's cell to smoke crack cocaine. Thus, it was by his own misdeed, rather than any official jail policy,

---

[2]Jenkins did not even know Johnson prior to this incident, and Johnson had never threatened him.

5

custom or practice that Jenkins got locked in the cell with Johnson where the assault occurred. *See*, *Monell v. New York City Dep't of Social Serv.*, 436 U.S. 658, 690-94 (1985). Jenkins' own testimony makes it plain that he lacks proof of the essential elements of his § 1983 claim, and that summary judgment is appropriate.

The Court having considered and viewed the summary judgment evidence in the light most favorable to Jenkins, finds there is no genuine issue of material fact to preclude summary judgment. It is therefore,

**ORDERED AND ADJUDGED** that [18] Defendant's motion for summary judgment is granted. A separate judgment will be entered.

**SO ORDERED AND ADJUDGED,** this the 16th day of January, 2007.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE